**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alison Lorraine Hatheway, | No. CV-19-08028-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Sirochman, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff "Alison Lorraine Hatheway TM/SM" has asserted Lanham Act claims against three Connecticut realtors (Michael Sirochman, Nicholas Mastrangelo, and Richard Greene) and one Connecticut attorney (John S. Bennet)[1] (collectively, "Defendants"). The complaint alleges that Defendants mischaracterized a parcel of Connecticut property as "bank owned" on certain real estate websites, even though that property is actually owned by a "common law trust" controlled by Plaintiff, and that Defendants thereby caused Plaintiff to be locked out of the Connecticut property when attempting to use it "for business and or domicile."

Now pending before the Court are a pair of motions to dismiss, one filed by the three realtors (Doc. 18) and the other filed by the attorney (Doc. 19). Although Defendants have identified an array of different reasons why the complaint should be dismissed

---
[1] The complaint names "John S. Bennett," but this Defendant's declaration clarifies that his last name is spelled "Bennet." (Doc. 19-1 ¶ 7.)

(including lack of service, lack of subject matter jurisdiction, and failure to state a claim), the Court will grant both motions on the most straightforward ground presented: lack of personal jurisdiction.

**BACKGROUND**

I. <u>Complaint</u>

Plaintiff, who is proceeding *pro se*, has brought claims against Defendants for false advertising under 15 U.S.C. § 1125, a provision of the Lanham Act. The complaint generally alleges that Defendants have falsely advertised a property in Deep River, Connecticut as "bank owned." To the extent the Court can decipher the complaint, it specifically alleges as follows:

Plaintiff "Alison Lorraine Hatheway is a business entity registered in Minnesota, with a business location in Arizona." (Doc. 1 at 2.) Plaintiff operates a "travel agency business" and is trustee of a trust, Sonlight, that owns the Connecticut property. (*Id.* at 2-3, 5.)

Defendants Sirochman, Mastrangelo, and Greene "appear to be acting as realtors for Coldwell Banker[]." (*Id.* at 2.)

Defendant Bennet "is an individual who claims to be representing the Bank of New York Mellon, as trustee for CWALT." (*Id.*)

Bank of New York Mellon, as Trustee for CWALT, obtained a foreclosure judgment for the Connecticut property, but "[i]t is legally impossible for Bank of New York to sell [the] property." (*Id.* at 2.)

Defendants have violated 15 U.S.C. § 1125 by "publicly advertising the property is bank owned," "refus[ing] to cease and desist when formally requested to do so," "continuing to promote the property for sale as bank owned," and "entic[ing] potential buyers to trespass on the property." (*Id.* at 3-4.) Specifically, Bennet "filed a petition into the Superior Court of New Britain Connecticut naming the Bank of New York Mellon as the owner of the real property," Mastrangelo "advertis[ed] the property for sale, bank owned on auction.com," Sirochman "offered the property as bank ow[n]ed in July 2018"

and then "continued to advertise using the term bank owned" after briefly "remov[ing] the listing," and Greene "has continued to advertise [the property] as bank owned, . . . continue[d] to trespass on the property with alleged potential buyers who have been told the property is bank owned," and "summoned the police to the property to remove the security" hired by Sonlight, "informing the police with no documentation that it is bank owned." (*Id.*)

As for damages, Plaintiff alleges it "cannot use or domicile at the property due to the trespass of defendants" and "is unable to enter the property as defendants have two lock boxes and padlocks on the property" and has therefore experienced "commercial loss" because it "cannot perform [its] duties and work." (*Id.* at 4-5.) It has also been forced to "retain security" and "work with neighbors to allow cameras on their property." (*Id.*)

II. Declarations

Defendants have filed declarations in support of their motions to dismiss. (Doc. 18-1 at 5-12; Doc. 19-1.) Those declarations contain the following facts:

Sirochman "reside[s] and work[s] in Orange, Connecticut, and ha[s] resided in Orange since 2017 and worked in Orange, Connecticut since 2005." (Doc. 18-1 at 5 ¶ 3.) He does not live, work, or transact business in Arizona. (*Id.* ¶ 4.)

Mastrangelo "ha[s] resided and worked in Orange, Connecticut since Sept. 1970" and does not live, work, or transact business in Arizona. (*Id.* at 8 ¶¶ 3-4.)

Greene "ha[s] resided and worked in Essex, Connecticut since 1949," does not live or work in Arizona, and does not transact business in Arizona. (*Id.* at 11 ¶¶ 3-4.)

Bennet resides in Connecticut, "ha[s] no personal or business ties to Arizona," and works at a law firm located in Connecticut. (Doc. 19-1 ¶¶ 3-4.)

**ANALYSIS**

A defendant may move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (citation omitted). "Where, as here, the

defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (citations and internal quotation marks omitted). "[U]ncontroverted allegations must be taken as true, and '[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor,'" but "[a] plaintiff may not simply rest on the 'bare allegations of [the] complaint.'" *Id.* (citations omitted).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141 (9th Cir. 2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)). "Arizona law permits the exercise of personal jurisdiction to the extent permitted under the United States Constitution." *Id.* (citing Ariz. R. Civ. P. 4.2(a)). Accordingly, whether this Court has "personal jurisdiction over Defendants is subject to the terms of the Due Process Clause of the Fourteenth Amendment." *Id.*

"Constitutional due process requires that defendants 'have certain minimum contacts' with a forum state 'such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (citation omitted). Minimum contacts exist "if the defendant has 'continuous and systematic general business contacts' with a forum state (general jurisdiction), or if the defendant has sufficient contacts arising from or related to specific transactions or activities in the forum state (specific jurisdiction)." *Id.* at 1142 (citation omitted).

It is unclear whether Plaintiff is contending this Court has general or specific jurisdiction over Defendants. Thus, the Court will address both theories.

I. General Jurisdiction

"For general jurisdiction to exist over a nonresident defendant . . . , the defendant must engage in 'continuous and systematic general business contacts,' that 'approximate physical presence' in the forum state." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citations omitted). As the Ninth Circuit has noted, "[t]his is

an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id.* "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

A. **Defendants Sirochman, Mastrangelo, and Greene**

The complaint alleges that Sirochman, Mastrangelo, and Greene "appear to be acting as realtors for Coldwell Banker[]," which is "a real estate agency conducting business in Arizona." (Doc. 1 at 2.)

That allegation is insufficient to confer general jurisdiction over these Defendants. Although it might be relevant to whether the Court has general jurisdiction over Coldwell Banker, it is not relevant to whether the Court has general jurisdiction over individual realtors for Coldwell Banker, particularly given that it is not apparent from the complaint that these Defendants had any contacts with Arizona through their employment with Coldwell Banker. *See generally AFL Telecomms. LLC v. Fiberoptic Hardware, LLC*, 2011 WL 4374262, *3 (D. Ariz. 2011) ("Personal jurisdiction over individual corporate officers may not be based on jurisdiction over the corporation itself . . . . The relevant inquiry is whether, given the corporate officer's own contacts with the forum state, he should 'reasonably anticipate being haled into court there.'") (citation omitted). Sirochman, Mastrangelo, and Greene have stated in their declarations that they do not live, work, or otherwise transact business in Arizona. Plaintiff has presented no evidence to the contrary. Thus, this Court lacks general jurisdiction over them. *Morrill*, 873 F.3d at 1142.

B. **Defendant Bennet**

There are no allegations in the complaint, and Plaintiff has presented no evidence, connecting Bennet to Arizona. The complaint contains only three allegations specifically naming Bennet, none of which relate to Arizona in any way. The complaint alleges that (1) Bennet "is an individual who claims to be representing the Bank of New York Mellon,

as trustee for CWALT"; (2) Bennet "filed a petition into the Superior Court of New Britain Connecticut naming the Bank of New York Mellon as the owner of the real property"; and (3) "request was made [to him] to provide proof of a bank holding title" but "[n]one was provided." (Doc. 1 at 2-3.) Bennet also stated in his declaration that he does not live or work in Arizona and "ha[s] no personal or business ties to Arizona." (Doc. 19-1 ¶¶ 3-4.) The Court therefore lacks general jurisdiction over him.

II. Specific Jurisdiction

The Court will next apply the Ninth Circuit's three-prong test to determine whether Defendants had sufficient contacts with Arizona to be subject to specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.,* it must be reasonable.

*Morrill*, 873 F.3d at 1142. "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* (citation omitted). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (citations omitted).

In the Ninth Circuit, courts use the "purposeful availment" analysis for claims arising from contract and the "purposeful direction" analysis for claims arising from tort. *Id.* Here, Plaintiff's claim arises from tort, so the "purposeful direction" analysis applies. Under this analysis, courts within the Ninth Circuit apply the *Calder* effects test, taken from *Calder v. Jones*, 465 U.S. 783 (1984), under which the defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F. 3d at 805 (citation omitted).

"Actions may be directed at the forum state even if they occurred elsewhere," but

"'random, fortuitous, or attenuated contacts' are insufficient to create the requisite connection with the forum." *Morrill*, 873 F.3d at 1142 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Courts must focus on "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284-85 (2014) (citation omitted). Importantly, "the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Id.* at 284 (citation omitted). Courts should "look[] to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 285. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* at 290.

### A. **Defendants Sirochman, Mastrangelo, and Greene**

The complaint contains three allegations that are potentially relevant to the specific jurisdiction analysis as to Defendants Sirochman, Mastrangelo, and Greene: (1) Plaintiff has a "business location in Arizona"; (2) Defendants Sirochman, Mastrangelo, and Greene "appear to be acting as realtors for Coldwell Banker[s]," which is "a real estate agency conducting business in Arizona"; and (3) the Connecticut property is "featured on the Coldwell Banker Arizona website," and Defendants Sirochman, Mastrangelo, and Greene "list themselves as the contact actors for the property." (Doc. 1 at 2.)

Defendants Sirochman, Mastrangelo, and Greene argue the Court lacks specific jurisdiction over them because "[t]he only possible connection between Defendants' alleged conduct and Arizona is that Plaintiff allegedly has a 'business location in Arizona'" and "Plaintiff's purported Arizona office, on its own, is not enough to establish that Defendants 'expressly aimed' their conduct at Arizona or caused harm that they knew would be suffered in Arizona." (Doc. 18 at 8, citing Doc. 1 at 2.) In their argument regarding general jurisdiction, they also assert that "Plaintiff only alleges that Coldwell Banker—not Defendants—'conduct[s] business in Arizona' and Defendants 'appear to be affiliated with Coldwell Banker.'" (Doc. 18 at 9, citing Doc. 1 at 2, emphasis omitted.)

In response, Plaintiff asserts that Defendants Sirochman, Mastrangelo, and Greene

"currently are offering, in the state of Arizona, the real property as owned by the bank via a web location for Arizona viewers. They have continuously from conception of the sale advertised the property in Arizona." (Doc. 21 at 2.)[2]

Defendants Sirochman, Mastrangelo, and Greene seem to concede they have engaged in the intentional act of advertising the Connecticut property, so at issue is the second prong of the *Calder* effects test—whether they expressly aimed their conduct at Arizona.[3] Although they are mistaken that the "only possible connection" between their conduct and Arizona is Plaintiff's operation of a business in Arizona—the complaint also contains allegations concerning the transmission of internet advertisements in Arizona— the Court nonetheless agrees that it lacks specific jurisdiction over them.

With respect to the internet advertisements, the complaint merely alleges that the Connecticut property was "featured on the Coldwell Banker Arizona website" and that Defendants Sirochman, Mastrangelo, and Greene "list[ed] themselves as the contact actors for the property" on that website. Those allegations fall far short of demonstrating that Defendants expressly aimed their conduct at Arizona. In our modern age, products and services are frequently advertised on the internet. This does not mean an advertiser is subject to personal jurisdiction under the "purposeful direction" test in every state in which a potential customer has access to the internet and can thus view the advertisement. *See, e.g., Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 420 (9th Cir. 1997); *Facebook, Inc. v. Teachbook.com, LLC*, 2011 WL 1672464, *3 (N.D. Cal. 2011) ("The fact that an essentially passive Internet advertisement may be accessible in the plaintiff's home state without 'something more' is not enough to support personal jurisdiction in a trademark infringement suit brought in the plaintiff's home state."); *Digital Control, Inc. v. Boretronics, Inc.*, 161 F. Supp. 2d 1183, 1186 (W.D. Wash. 2001) ("Posting information on a web site tells one very little about the purpose or intent of the advertiser. The medium,

---

[2] It should be noted that these allegations do not appear in the complaint and Plaintiff has not provided evidence in support of them in connection with the response.

[3] They also argue that Plaintiff cannot establish the third prong (Doc. 18 at 7-8), but the Court need not address that argument because Plaintiff has failed to establish the second prong.

by its very nature, provides immediate and virtually uncontrollable worldwide exposure. . . . [T]he mere existence of a worldwide web site, regardless of whether the site is active or passive, is an insufficient basis on which to find that the advertiser has purposely directed its activities at residents of the forum state."). The complaint does not allege facts suggesting that the Coldwell Banker website or "auction.com" were anything more than passive websites.[4]

B. **Bennet**

The conduct of Bennet that is challenged in the complaint (*i.e.,* participating in various ways in a lawsuit in "the Superior Court of New Britain Connecticut") has absolutely no connection to Arizona. Thus, the Court lacks specific jurisdiction over him.

III. Leave To Amend

Plaintiff did not request leave to amend in its response to the motion to dismiss. Moreover, even though the Court has discretion to grant leave to amend despite the absence of a formal request, *Edwards v. Occidental Chemical Corp.*, 892 F.2d 1442, 1445 n.2 (9th Cir. 1990), such leave "may be denied . . . if amendment of the complaint would be futile." *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988). "An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citation omitted).

The Court denies leave to amend here because there are no new factual allegations Plaintiff could plausibly offer to overcome the deficiencies identified above.

Accordingly, **IT IS ORDERED** that:

(1) The motion to dismiss filed by Defendants Sirochman, Mastrangelo, and

---

[4] The Court further notes that, although the complaint refers to "the Coldwell Banker Arizona website," Plaintiff clarified in its opposition to the motion to dismiss that the Coldwell Banker website was simply available "via a web location for Arizona viewers." (Doc. 21 at 2.) This suggests it was not an Arizona-specific website but simply part of a generally-available website that could be viewed anywhere. This makes sense, because it is implausible that a trio of Connecticut realtors would go to the trouble of marketing a piece of property located in Connecticut only to Arizonans. Nevertheless, even if the website were only available in Arizona, this would still be insufficient—without more—to create specific jurisdiction under *Cybersell*, *Facebook*, and *Digital Control*.

Greene (Doc. 18) is **granted**;

(2) The motion to dismiss filed by Defendant Bennet (Doc. 19) is **granted**; and

(3) Plaintiff's complaint is **dismissed without prejudice**. Plaintiff may not file its complaint again in this District. The Clerk of Court is directed to enter judgment accordingly and shall terminate this case.

Dated this 22nd day of August, 2019.

Dominic W. Lanza
United States District Judge